In the Matter of MARTIN J. MAYBLUM (Admitted as MARTIN JOEL MAYBLUM), a Suspended Attorney, Resignor.

Second Department, November 16, 1992

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Frey & Harkow,* Forest Hills, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Martin J. Mayblum has submitted an affidavit dated September 18, 1992, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Mayblum was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 18, 1958, under the name Martin Joel Mayblum.

Mr. Mayblum acknowledges that he is currently the subject of a disciplinary proceeding being prosecuted by the Grievance Committee for the Second and Eleventh Judicial Districts involving charges of professional misconduct. The charges involve the conversion of client funds, commingling of funds, failure to properly maintain an escrow account, failure to promptly remit funds owing to a client, failure to maintain required bookkeeping records, and failure to comply with the suspension order dated October 26, 1990. Mr. Mayblum further acknowledges that his resignation is submitted subject to any application which may be made by the Grievance Committee for the Second and Eleventh Judicial Districts, for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Mr. Mayblum acknowledges the continuing jurisdiction of the Appellate Division, Second Judicial Department, to make such an order, and further acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Mayblum indicates that he is tendering his resignation freely and voluntarily, that he is not being subject to coercion or duress, and that he is fully aware of the implications of submitting his resignation. He states that he could not successfully defend himself on the merits against disciplinary charges initiated against him by the Grievance Committee based on the facts and circumstances of his professional conduct.

Counsel for the Grievance Committee recommends that the Court accept the proffered resignation. Under the circumstances, the resignation of Martin J. Mayblum as a member of the Bar is accepted and directed to be filed. Accordingly, Martin J. Mayblum is disbarred and his name is stricken from

the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the resignation of Martin J. Mayblum is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin J. Mayblum is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin J. Mayblum shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Martin J. Mayblum is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.